1  Steven D. McGee  #71886
   Jared C. Marshall #272065
2  Caroline M. Lutz #274836
   **DOWLING AARON INCORPORATED**
3  8080 North Palm Avenue, Third Floor
   P.O. Box 28902
4  Fresno, California 93729-8902
   Tel: (559) 432-4500
5  Fax: (559) 432-4590

6  Attorneys for Plaintiffs, GBTKAT GOLD, LLC and FAR AWAY, LLC

7

8  Sean K. Hungerford  #200268
   Bradley B. Johnson #257220
   Adam K. Guernsey #282105
9  **HARRISON, TEMBLADOR HUNGERFORD & JOHNSON LLP**
   2801 T Street
10 Sacramento, California 95816
   Tel: (916) 382-4377
11 Fax: (916) 382-4380

12 Attorneys for Defendant, GOLDEN QUEEN MINING COMPANY, LLC

13

14                    UNITED STATES DISTRICT COURT
15                    EASTERN DISTRICT OF CALIFORNIA
16

17

18 | GBTKAT GOLD, LLC, a California limited liability and FAR AWAY, LLC, a California limited liability company, | Case No.   1-19-cv-01114-DAD-JLT |
   |---|---|
   | | **ORDER DENYING WITHOUT PREJUDICE STIPULATION TO AMEND THE CASE SCHEDULE** |
   | Plaintiffs, | |
   | vs. | (Doc.25) |
   | GOLDEN QUEEN, LLC, a California limited liability company; GOLDEN QUEEN MINING COMPANY, LTD, a publicly traded British Columbia corporation | |
   | Defendants. | |

26 ///
27 ///
28 ///

Plaintiffs GBTKAT GOLD, LLC and FAR AWAY, LLC (collectively, "Plaintiffs") and Defendant GOLDEN QUEEN MINING COMPANY, LLC (erroneously named in the Complaint as GOLDEN QUEEN, LLC) ("Defendant"), by and through their respective counsel of record, respectfully submit the following Stipulation to Continue Trial, Extend Deadlines, and Modify Scheduling Order and Proposed Order Thereon (the "Stipulation") pursuant to Federal Rules of Civil Procedure 6(b)(1)(A) and 29(b), Local Rules 143 and 144, and the Court's Scheduling Order dated December 30, 2019 (Doc. No. 18) (the "Scheduling Order") and the Order Granting Stipulation to Amend the Case Schedule dated May 3, 2020 (Doc. No. 23) (the "First Amended Scheduling Order").

## I.

## **RECITALS**

WHEREAS, on August 15, 2019, Plaintiffs filed their complaint in the U.S. District Court, Eastern District of California for: Accounting; Declaratory Relief; Waste; Conversion; and Unfair Competition – Cal. Bus. & Prof. §17200 *et seq.* (Doc No. 1) (the "Complaint").

WHEREAS, on September 30, 2019, Defendant filed its answer to Plaintiffs' Complaint (Doc. No. 7) (the "Answer").

WHEREAS, on December 30, 2019, the Court issued the Scheduling Order (Doc. 18) providing for discovery and motion deadlines, settlement and pre-trial conference hearings, and the date of commencement of trial regarding the above-captioned action. A true and correct copy of the Scheduling Order is attached hereto as **exhibit "A"** and incorporated herein by this reference.

WHEREAS, the Court issued General Order No. 611 dated March 16, 2020 to address the current COVID-19 public health emergency.

WHEREAS, the parties previously stipulated to extend deadlines and modify the scheduling order due to the COVID-19 public health emergency, which was ordered by the Court on May 3, 2020 in the document entitled Order Granting Stipulation to Amend the Case Schedule (Doc. No. 23) (the "First Amended Scheduling Order"). A true and correct copy of the

First Amended Scheduling Order is attached hereto as **exhibit "B"** and the order thereon (Doc. No. 24) is attached hereto as **exhibit "C"**.

WHEREAS, given the current COVID-19 pandemic, the parties require additional time to engage in non-expert and expert discovery, which, in part, has been adversely impacted by travel restrictions between Canada (where some of the consultants and witnesses reside) and the United States.

WHEREAS, under the circumstances a number of deadlines are no longer realistic including the non-expert discovery deadline of September 25, 2020, and the settlement conference date of September 21, 2020, which at this early stage, will likely be unproductive.

WHEREAS, the parties require reasonable time to evaluate the availability of motions pertaining to this matter and to properly prepare for trial, all of which forms the basis for this request for additional modifications to the Scheduling Order and First Amended Scheduling Order.

## II.

## **STIPULATION**

THEREFORE, Plaintiffs and Defendant, by and through their respective counsel of record, hereby stipulate and agree and request that the Court order that:

1. The current discovery and motion deadlines, settlement conference and pre-trial conference hearing dates, and the date of commencement of trial set forth in the Scheduling Order (Doc. 18) and First Amended Scheduling Order (Doc. No. 23) be vacated; and

   A. The discovery and motion deadlines, settlement conference and pre-trial conference hearing dates, and the date of commencement of trial pertaining to this matter be revised and re-scheduled as a modification of the Scheduling Order (Doc. 18) and First Amended Scheduling Order (Doc. No. 23) as proposed by the parties herein below:

   i.   Non-Expert Discovery Deadline:   March 26, 2021;
   ii.  Expert Discovery Deadline:       June 18, 2021;
   iii. Non-Dispositive Motion Deadlines:
        a. Filing:                       June 11, 2021;

|   |   |   |   |   |
|---|---|---|---|---|
| | | b. | Hearing: | July 13, 2021; |
| | iv. | Dispositive Motion Deadlines: | | |
| | | a. | Filing: | June 25, 2021; |
| | | b. | Hearing: | July 29, 2021; |
| | v. | Settlement Conference: April 9, 2021 9:00 a.m. 510 19th Street, Bakersfield, CA; | | |
| | vi. | Pre-Trial Conference: | | September 10, 2021; |
| | vii. | Trial: | | November 2, 2021; |
| | or | | | |

      B.      The discovery and motion deadlines and settlement and pre-trial conference hearing dates pertaining to this matter be revised and re-scheduled as a modification of the Scheduling Order (Doc. 18) and First Amended Scheduling Order (Doc. No. 23) pursuant to the Court's calendar.

      IT IS SO STIPULATED.

Dated:    August 19, 2020        DOWLING AARON INCORPORATED

By: /s/ Steven D. McGee
    Steven D. McGee
    Jared C. Marshall
    Caroline M. Lutz
    Attorneys for Plaintiffs,
    GBTKAT GOLD, LLC and FAR AWAY, LLC

Dated:    August 19, 2020        HARRISON, TEMBLADOR HUNGERFORD & JOHNSON LLP

By: /s/ Adam K. Guernsey
    Sean K. Hungerford
    Bradley B. Johnson
    Adam K. Guernsey
    Attorneys for Defendant,
    GOLDEN QUEEN MINING COMPANY, LLC

## III.

## ORDER

The stipulation fails to explain what the parties have done to complete discovery since the Court last amended the case schedule at their request.  The Court appreciates that the pandemic presents unique challenges, but it is not a reason to fail to use alternate means to conduct the needed discovery. Moreover, other than referencing the ongoing pandemic, counsel offer no explanation for why they have not completed discovery and why they cannot complete it within the time remaining for discovery.[1]

Because the stipulation fails to demonstrate good cause for the case amendment and fails to document the impediments to completing discovery within the time allotted, the stipulation to amend the case schedule is DENIED. If the parties choose to renew this request, they SHALL support the request with a showing of good cause. The mere continuance of the COVID-19 pandemic[2], without more, does not constitute good cause.

IT IS SO ORDERED.

Dated:   **August 19, 2020**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The stipulation indicates that travel to Canada is not possible without explaining why this travel is necessary for the completion of discovery. The Court has conducted all of its proceedings via video conference for nearly five months and cannot understand why counsel cannot conduct their case in the same or similar manner.

[2] This was sufficient for the first amendment, but the Court cannot allow cases to stagnant merely because counsel prefer to conduct discovery using traditional methods.