1  Steven D. McGee  #71886
   Jared C. Marshall #272065
2  Caroline M. Lutz #274836
   **FENNEMORE DOWLING AARON**
3  8080 North Palm Avenue, Third Floor
   P.O. Box 28902
4  Fresno, California 93729-8902
   Tel: (559) 432-4500
5  Fax: (559) 432-4590

6  Attorneys for Plaintiffs, GBTKAT GOLD, LLC and FAR AWAY, LLC

7
   Bradley B. Johnson #257220
8  Adam K. Guernsey #282105
   Russell A. Frink #302522
9  **HARRISON TEMBLADOR HUNGERFORD & JOHNSON LLP**
   2801 T Street
10 Sacramento, California 95816
   Tel: (916) 382-4377
11 Fax: (916) 382-4380

12 Attorneys for Defendant, GOLDEN QUEEN MINING COMPANY, LLC

13

14
                        UNITED STATES DISTRICT COURT
15
                        EASTERN DISTRICT OF CALIFORNIA
16

17

18 | GBTKAT GOLD, LLC, a California limited      Case No.   1-19-cv-01114-DAD-JLT
     liability and FAR AWAY, LLC, a California
19   limited liability company,                 **[PROPOSED] STIPULATED
                                                PROTECTIVE ORDER**
20                            Plaintiffs,        (Doc. 29)

21 | vs.

22 | GOLDEN QUEEN, LLC, a California limited
     liability company; GOLDEN QUEEN
23   MINING COMPANY, LTD, a publicly traded
     British Columbia corporation
24
                            Defendants.
25

26 ///

27 ///

28 ///

Plaintiffs GBTKAT GOLD, LLC and FAR AWAY, LLC (collectively, "Plaintiffs") and Defendant GOLDEN QUEEN MINING COMPANY, LLC (erroneously named in the Complaint as GOLDEN QUEEN, LLC) ("Defendant" or "GQMC") (collectively, Plaintiffs and Defendant are referred to as the "Parties"), by and through their respective counsel of record, submit the following proposed stipulated protective order (the "Stipulated Protective Order") pursuant to Federal Rules of Civil Procedure 26(c)(E), 72, and 83, and Local Rules 141.1(b)(1), 143, and 302(c)(2).

## I.

## RECITALS

WHEREAS, on August 15, 2019, Plaintiffs filed their complaint in the U.S. District Court, Eastern District of California for: Accounting; Declaratory Relief; Waste; Conversion; and Unfair Competition – Cal. Bus. & Prof. §17200, *et seq.* (Doc No. 1) (the "Complaint").

WHEREAS, on September 30, 2019, Defendant filed its answer to Plaintiffs' Complaint (Doc. No. 7) (the "Answer").

WHEREAS, to promote the exchange of discovery in further litigation of the above-captioned action, the Parties now request that the following proposed Stipulated Protective Order be approved by this Court before certain information and documents are produced. Namely, Defendant seeks to protect as confidential proprietary business information that is essential to Defendant's competitive advantage in the mining industry and that is also relevant to the claims and defenses in this dispute.

## II.

## STIPULATION

THEREFORE, Plaintiffs and Defendant, by and through their respective counsel of record, hereby stipulate and agree and request that the Court order that:

**1.** **Purpose and Limitations**

Disclosure and discovery in the above-captioned action are likely to involve production of confidential, proprietary, or private information which may include information in

the nature of, but not limited to, trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would be detrimental to the conduct of the Producing party's (as defined below) business and the business of the Producing party's customers or clients, for which special protection from public disclosure and from use for any purpose other than litigating this action may be warranted. Likewise, technical and proprietary information pertaining to GQMC's mining operations and discovery efforts on the Soledad Mountain mine is confidential business information that is essential to GQMC's competitive advantage in the mining industry and that is also relevant to the claims and defenses in this dispute. Therefore, GQMC's technical and proprietary information should be protected as confidential as provided in this Stipulated Protective Order. Accordingly, the Parties hereby stipulate to and petition the Court to approve the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under this Stipulated Protective Order.

**2.    <u>Definition of Confidential Information</u>**

As used herein:

a.     "Confidential Information" shall mean all information (regardless of how generated, stored, or maintained), material, tangible things, or testimony that qualify for protection under standards developed under the Federal Rules of Civil Procedure, produced by or disclosed to a Receiving party by a Producing party that the Producing party or a Designating party reasonably and in good faith considers to be confidential or proprietary information or trade secrets of the Producing party and which has been so designated by the Producing party or Designating party. Such information, material, tangible things, or testimony may include, but is not limited to, trade secrets, proprietary business information, competitively sensitive information, technical information, customer information, vendor information, financial information, sales data, business plans and strategies, agreements and communications, or other information the disclosure of which the Producing party or the Designating party reasonably and in good faith considers to be

confidential or proprietary information or trade secrets of the Producing party or the disclosure of which would otherwise be detrimental to the conduct of the Producing party's business or the business of any of the Producing party's customers or clients.

Extracts and summaries of Confidential Information shall also be treated as confidential.

The following are examples of information that is not Confidential Information:

      i.      published advertising materials;

      ii.      any information that is or, after its disclosure to a Receiving party, becomes part of the public domain as a result of publication not involving a violation of this Stipulated Protective Order;

      iii.      information that the Receiving party can show by written records was already known to it prior to the disclosure, provided that it was either (i) received from the Producing party and was not received under an express or implied obligation of confidentiality to the Producing party, or (ii) received from a source who obtained the information lawfully and under no express or implied obligation of confidentiality to the Producing party;

      iv.      any information that the Receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no express or implied obligation of confidentiality to the Producing party; and

      v.      any information that the Receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the Producing party's Confidential Information.

b.      "Attorney Eyes Only Information" shall mean all Confidential Information that, consistent with the terms and conditions below, the Producing party or Designating party reasonably and in good faith considers to be so sensitive that its dissemination deserves even further limitation by preventing the disclosure thereof to the Receiving party. As such, Attorneys Eyes Only Information shall only be disclosed to the Receiving party's counsel and persons identified in Paragraph 4.b. herein below but shall not be disclosed to the Receiving party. Attorney Eyes Only Information is a subset of Confidential Information, and shall be treated as Confidential Information, except as specifically stated otherwise hereinbelow.

c.      "Producing party" shall mean any Party to this action or any non-party to this action producing Confidential Information in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

d.      "Receiving party" shall mean any Party to this action or any non-party to this action receiving Confidential Information in connection with depositions, document production or otherwise in this action.

e.      "Designating party" shall mean any Party to this action or any Producing party that designated the Confidential Information as "confidential" by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the Parties hereto if the Confidential Information is not reduced to documentary, tangible, or physical form, if the Confidential Information cannot conveniently be so designated, or consistent with the terms of this Stipulated Protective Order, or by other appropriate means.

**3.      <u>Right to Designate Information as Confidential</u>**

Subject to the terms of Paragraphs 4 and 8, either Party to this action or a Producing party may act as a Designating party and designate information, material, tangible things, or testimony produced or  given by a Producing party in connection with this action that said Designating party reasonably and in good faith considers to be Confidential Information by notation on the document, statement on the record of the deposition with subsequent notation by the Producing party or Designating party on the cover page of the deposition transcript if not already present on the cover page of the transcript when received from the court reporter, written advice to the respective undersigned counsel for the Parties hereto if the Confidential Information is not reduced to documentary, tangible, or physical form, if the Confidential Information cannot conveniently be so designated, or consistent with the terms of this Stipulated Protective Order, or by other appropriate means.

Subject to the terms of Paragraph 4, Confidential Information that a Producing party or Designating party reasonably and in good faith considers to be Attorney Eyes Only Information shall be designated accordingly by notation on the document, statement on the record of the deposition with subsequent notation by the Producing party or Designating party on the cover page

of the deposition transcript if not already present on the cover page of the transcript when received from the court reporter,  written advice to the respective undersigned counsel for the Parties hereto if the Confidential Information is not reduced to documentary, tangible, if the Confidential Information cannot conveniently be so designated, or consistent with the terms of this Stipulated Protective Order, or by other appropriate means.

**4.      Treatment of Confidential Information**

Except with the prior written consent of the Designating party or by order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

a.      Plaintiff, GQMC, and personnel of Plaintiff or GQMC actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder. Attorney Eyes Only Information shall be not be disclosed to Plaintiff, GQMC, or personnel of Plaintiff or GQMC;

b.      Counsel for the Parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c.      Expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with Paragraph 6 hereof;

d.      The Court and court personnel, if filed in accordance with Paragraph 11 hereof;

e.      Any independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by the Parties in this action, if furnished, shown or disclosed in accordance with Paragraph 7 hereof;

///

f.      Trial and deposition witnesses, if furnished, shown or disclosed in accordance with Paragraphs 6, 7, and 9, respectively, hereof; and

g.      Any other person agreed upon by the Parties.

Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of preparing for, conducting, participating in the conduct of, prosecuting, or defending the above-captioned action and not for any other purposes.

If a Producing party or Designating party determines that information should have been designated as Confidential Information but was not, it shall notify the Receiving party in writing as soon as practicable following such determination. The Receiving party shall then make a reasonably diligent effort to retrieve the Confidential Information and otherwise ensure that persons to whom the Confidential Information was disclosed will treat it as confidential.

Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

**5.      Disagreement Regarding Confidentiality**

The Receiving party may, at any time, notify the Producing party or Designating party in writing that the Receiving party does not concur in the designation of information, material, tangible things, or testimony as Confidential Information or Attorneys' Eyes Information, and the parties shall attempt to meet and confer to resolve the dispute by mutual agreement. If the dispute is not so resolved, within twenty (20) days of the parties' agreement that the meet and confer process will not resolve their dispute, the contesting party may move the Court for a ruling on the dispute. If no such motion is filed, such information, material, tangible things, or testimony shall continue to be treated as Confidential Information or Attorneys' Eyes Only Information, as applicable. If such motion is filed, the information, material, tangible things, or testimony shall be treated as Confidential Information or Attorneys' Eyes Only Information, as applicable, unless and until the Court rules otherwise.

**6.      Disclosure of Confidential Information to Expert Witnesses and Consultants**

Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to Paragraph 4.c. hereof, counsel for the party disclosing the Confidential

Information shall provide a copy of this Stipulated Protective Order and a copy of the Acknowledgment and Agreement to Be Bound by Stipulated Protective Order attached hereto as **Exhibit "A"** (the "Acknowledgment") to the aforementioned expert witness or consultant. Said expert witness or consultant shall execute the Acknowledgment before any Confidential Information is disclosed. Counsel for the party disclosing the Confidential Information shall supply a copy of the Acknowledgment executed by the expert witness or consultant to counsel for the other party at the time of the disclosure of the Confidential Information.

**7.    Depositions**

All depositions shall presumptively be treated as Confidential Information and subject to this Stipulated Protective Order during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. Subject to the terms of Paragraph 4, at or before the end of such fifteen-day period, the Producing party or Designating party shall reasonably and in good faith designate any testimony contained in the deposition it considers to be Confidential Information or Attorneys' Eyes Only Information, if applicable.

This Stipulated Protective Order shall not preclude counsel for the Parties from using during any deposition in this action any information, material, tangible things, or testimony  that has been designated as Confidential Information under the terms hereof. Any court reporter or deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulated Protective Order  and a copy of the Acknowledgment attached hereto as **Exhibit "A"**. Said court reporter or deposition witness shall execute the Acknowledgment before the disclosure of any Confidential Information. Counsel for the party disclosing the Confidential Information shall supply a copy of the Acknowledgment executed by the court reporter or deposition witness to counsel for the other Party at the time of the disclosure of the Confidential Information.

**8.    Confidential Information Provided by Non-Parties**

A Party to this action or Producing party may act as a Designating party and designate as Confidential Information subject to this Stipulated Protective Order any information, material, tangible things, or testimony produced or given by any non-party to this action, or any portion

thereof, that said Designating party reasonably and in good faith considers to be Confidential Information by notation on the document, statement on the record of the deposition with subsequent notation by the Producing party or Designating party on the cover page of the deposition transcript if not already present on the cover page of the transcript when received from the court reporter, written advice to the respective undersigned counsel for the Parties hereto if the Confidential Information is not reduced to documentary, tangible, or physical form, if the Confidential Information cannot conveniently be so designated, or consistent with the terms of this Stipulated Protective Order, or by other appropriate means.

In the case of Confidential Information or Attorneys' Eyes Only Information not already so designated when produced or given by any non-party to this action, the Producing party or Designating party shall  notify all counsel in writing of the Confidential Information or Attorneys' Eyes Only Information which said party reasonably and in good faith considers to be Confidential Information or Attorneys' Eyes Only Information and, therefore, is to be treated as such. Subject to the terms of Paragraph 4, said written notification may be made at any time up to fifteen (15) days after receipt of copies of the aforementioned Confidential Information or Attorneys' Eyes Only Information by counsel for the party asserting the confidentiality privilege. In the case of deposition testimony,  any designation of Confidential Information or Attorneys' Eyes Only Information shall be made pursuant to Paragraph 7.

**9.**     **Disclosure at Hearing or Trial**

Should the need arise for any of the Parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

**10.**     **Limitations on Copying**

No copies, summaries or abstracts of Confidential Information shall be made by a Party, or its trial attorneys, for distribution or use by any person other than those described in Paragraph 4 hereof.

///

**11.**    **Confidential Information Filed with Court**

Any Party desiring to make Confidential Information a matter of public record by filing such Confidential Information with the Court, must notify the Producing party and Designating party, as applicable, of that intention at least ten (10) calendar days prior to filing any such Confidential Information in order to allow the Producing party and Designating party, as applicable, an opportunity to make application to the Court for sealing the Confidential Information for good cause. The Confidential Information shall not be filed until the Court renders a decision on the motion to seal.

**12.**    **Public Information**

Pursuant to the terms of Paragraph 4 hereto, any information, material, tangible things, or testimony which have been designated as Confidential Information and were also legally and properly within the public domain prior to their designation as Confidential Information need not be treated as Confidential Information. However, if such Confidential Information became available to the public as a result of any improper conduct or in violation of this Stipulated Protective Order, any contract, or court order, such Confidential Information must still be treated as such under this Stipulated Protective Order.

**13.**    **Waiver**

The production or disclosure of Confidential Information shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

Pursuant to the terms of Paragraph 4, at any time after any information, material, tangible things, or testimony is designated as Confidential Information under this Stipulated Protective Order, the Designating Party may agree in writing that the Confidential Information may be disclosed to designated persons employed by the Receiving party.

///

///

**14.**   **No Prejudice / Amendment**

This Stipulated Protective Order is entered into without prejudice to the right of either Party to seek relief from, or modification of, this Stipulated Protective Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law. This Stipulated Protective Order may be amended by the written agreement of counsel for the Parties.

**15.**   **Disposition on Termination of Action**

This Stipulated Protective Order shall continue to be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control after the conclusion of this litigation except (a) that there shall be no restriction on documents and information that are used as exhibits in Court (unless such exhibits were filed under seal) or that become a matter of public record; and (b) that a Party may seek the written permission of the Designating party or further order of the Court with respect to dissolution or modification of all or any part of this Stipulated Protective Order.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Confidential Information for enforcement of the provisions of this Stipulated Protective Order following termination of this litigation.

Further, after the final termination of this action and unless the Parties agree otherwise, each Party shall:

a.   assemble and make available for return to the Designating Party all information, documents, materials, tangible things, summaries, computer records and abstracts containing Confidential Information;

b.   make available for return or destroy every portion of other information, documents, materials, tangible things, or memoranda purporting to reproduce or paraphrase Confidential Information;

c.   upon request made in writing by the Designating Party, certify in writing that the procedures set forth above have been completed; and

1         d.    agree not to disclose the substance of any Confidential Information revealed to it

2    by the Designating Party.

3                       **IT IS SO STIPULATED.**

4    Dated:    January 7, 2021           FENNEMORE DOWLING AARON

5

6                                     By: /s/ Steven D. McGee

7                                        Steven D. McGee
                                         Jared C. Marshall

8                                        Caroline M. Lutz
                                         Attorneys for Plaintiffs,

9                                        GBTKÁT GOLD, LLC and FAR AWAY, LLC

10   Dated:    January 7, 2021           HARRISON  TEMBLADOR  HUNGERFORD  &
                                         JOHNSON LLP

11

12                                    By: /s/ Bradley B. Johnson

13                                       Bradley B. Johnson
                                         Adam K. Guernsey

14                                       Russell A. Frink

15                                       Attorneys for Defendant,
                                         GOLDEN  QUEEN  MINING  COMPANY,

16                                       LLC

17                               **<u>ORDER</u>**

18         Good cause appearing, the protective order is GRANTED. **However, this protective**

19   **order does not entitle the parties to file any documents under seal.**

20

21   IT IS SO ORDERED.

22       Dated:  **January 7, 2021**              **/s/ Jennifer L. Thurston**

23                                     UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATED

PROTECTIVE ORDER

I, _____, state that:

1.     My address is _____.

2.     My present employer is _____.

3.     My present occupation or job description is _____.

4.     I understand that I am about to receive Confidential Information supplied in connection with the above-captioned action, the case styled as *GBTKAT GOLD, LLC and FAR AWAY, LLC v. GOLDEN QUEEN MINING COMPANY, LLC*, Case No. 1-19-cv-01114-DAD-JLT, United States District Court, Eastern District of California. I understand that the Confidential Information is provided to me subject to the terms and restrictions contained in the Stipulated Protective Order filed in the above-captioned action.

5.     I have received a copy of the Stipulated Protective Order entered in the above-entitled action on the following date: _____ _____.

6.     I have carefully read and understand the provisions of the Stipulated Protective Order.

7.     I will comply with all of the provisions of the Stipulated Protective Order.

8.     I will hold in confidence, will not disclose to anyone not designated under the Stipulated Protective Order as permitted to view or receive Confidential Information, and will use only for purposes of the above-captioned action, any Confidential Information that is disclosed to me, including any documents or things that I have prepared relating thereto, except as expressly permitted by the Stipulated Protective Order. I understand that I am to retain all copies of all Confidential Information provided to me concerning the above-captioned action in a secure manner, and that all copies of such Confidential Information are to remain in my personal custody until termination of my participation in the above-captioned action.

9.      Upon termination of my participation in the above-captioned action, I will return all Confidential Information that comes into my possession to counsel from whom I received the Confidential Information and any documents or things that I have prepared relating thereto to counsel for the Party by whom I am employed or retained.

10.     I hereby submit to the jurisdiction of the court in the above-captioned action as identified in the Stipulated Protective Order  for the purpose of enforcement of the Stipulated Protective Order.

Dated: _____          _____

SIGNATURE