UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GBTKAT GOLD, LLC, et al., | No. 1:19-cv-01114-DAD-JLT |
| Plaintiffs, | |
| v. | ORDER GRANTING STIPULATION FOR SPECIAL MASTER AND STAY OF ACTION |
| GOLDEN QUEEN, LLC, et al., | (Doc. No. 57) |
| Defendants. | |

This matter is before the court on the parties' joint stipulation filed on September 30, 2021. (Doc. No. 57.) On September 17, 2021, plaintiffs GBTKAT Gold, LLC and Far Away, LLC and defendant Golden Queen Mining Company, LLC appeared for settlement discussions before Magistrate Judge Jennifer L. Thurston. (Doc. No. 56.) At that settlement conference counsel for the parties discussed with the assigned magistrate judge the possibility of submitting their dispute to binding arbitration, appointment of a special master or other process for resolution. The parties subsequently submitted a joint status report and stipulated request for a referral instead to a special master. (Doc. No. 57.) In their proposed stipulation, the parties agreed to submit "certain legal and factual questions arising in connection with the above-entitled action for hearing and decision by a special master," to execute a Special Master Agreement specifying the rules and procedures by which to conduct the proceedings, to stay this action pending the completion of the special master process, and to have this court retain jurisdiction to

1

confirm the special master decision, hear any and all remaining legal and/or factual questions not decided by the special master, and to enter a full and final judgment. (*Id.* at 2.)

Appointments of special masters are governed by Rule 53 of the Federal Rules of Civil Procedure. Rule 53(a)(1) governs the scope of the appointment of special masters as follows:

> (1) Scope. Unless a statute provides otherwise, a court may appoint a master only to:
>
> (A) perform duties consented to by the parties;
>
> (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
>
> > (i) some exceptional condition; or
> >
> > (ii) the need to perform an accounting or resolve a difficult computation of damages; or
>
> (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Here, the parties' stipulation to submit certain factual and legal questions to a special master may fall under the scope of Rule 53(a)(1)(A) as duties consented to by the parties and Rule 53(a)(1)(C) as pretrial matters that cannot be effectively and timely addressed by an available judge given the judicial emergency that continues to afflict the Eastern District of California. However, the stipulation before the court does not address the specific matters to be referred to the special master, the fact that the parties will be responsible for compensating the special master and several other matters required pursuant to Rule 53.

Accordingly,

1. The parties' joint stipulation (Doc. No. 57) to refer this matter to a special master is conditionally granted;

2. The parties shall execute a Special Master Agreement and shall file a joint stipulation and proposed order consistent with their agreement and with *all* the requirements of Federal Rule of Procedure 53 on or before November 30, 2021.

3. This action is stayed in its entirety pending completion of the proceedings before the special master; and

4. The court hereby retains jurisdiction to confirm the special master decision, hear any and all remaining legal and/or factual questions not decided by the special master, and to enter a full and final judgment thereon. See Fed. R. Civ. P 53(f).

IT IS SO ORDERED.

Dated: **November 14, 2021**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE