UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GBTKAT GOLD, LLC, et al., | No. 1:19-cv-01114-DAD-BAK (BAM) |
| Plaintiffs, | |
| v. | ORDER GRANTING STIPULATION FOR SPECIAL MASTER AGREEMENT AND CONTINUING THE STAY IN THIS ACTION |
| GOLDEN QUEEN, LLC, et al., | |
| Defendants. | (Doc. No. 60) |

This matter is before the court on the parties' joint stipulation filed on November 30, 2021. (Doc. No. 60.) The parties previously submitted to the court a joint status report and stipulated request for a referral of this action to a special master (Doc. No. 57), which the court conditionally granted pending a Special Master Agreement and joint stipulation consistent with the requirements of Federal Rule of Procedure 53. (Doc. No. 59.) The parties represent that the joint stipulation and attached Special Master Agreement now before the court complies with those requirements. (Doc. No. 60.)

**LEGAL STANDARD**

Appointments of special masters are governed by Rule 53 of the Federal Rules of Civil Procedure. Rule 53(a)(1) governs the scope of the appointment of special masters as follows:

/////

>> (1) Scope. Unless a statute provides otherwise, a court may appoint a master only to:
>
>> (A) perform duties consented to by the parties;
>
>> (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
>
>>> (i) some exceptional condition; or
>
>>> (ii) the need to perform an accounting or resolve a difficult computation of damages; or
>
>> (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Rule 53(b)(2) requires that an order appointing a special master "direct the master to proceed with all reasonable diligence" and to state:

>> (A) the master's duties, including any investigation or enforcement duties, and any limits on the master's authority under Rule 53(c);
>
>> (B) the circumstances, if any, in which the master may communicate ex parte with the court or a party;
>
>> (C) the nature of the materials to be preserved and filed as the record of the master's activities;
>
>> (D) the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations; and
>
>> (E) the basis, terms, and procedure for fixing the master's compensation under Rule 53(g).

Here, pursuant to the parties' Special Master Agreement, the special master's duties are limited to conducting an evidentiary hearing and to make a determination as to the specific issues listed below:

>> (a) What "costs" or "expenses" ("Costs/Expenses") may GQ charge against gross revenues derived from the extraction, processing, refining and sale of minerals from the Claims (collectively, "Mining Operations")?
>
>> (b) May GQ include as a Cost/Expense to be charged against gross revenue from Mining Operations any Costs/Expenses incurred by GQMC Ltd. and/or GQMC Inc.?
>
>> (c) If the answer to (b) is yes, can GQ include in such Costs/Expenses those costs/expenses incurred during the time

2

        the mining lease between GQMC, Inc. and George F. Thagard, Jr. was in effect?

    (d) If GQ can charge against revenues some or all Costs/Expenses incurred by GQMC, Ltd. and/or GQMC, Inc. between 1985 and 2014, may GQ also charge a "cost of capital" on those Costs/Expenses? If so, what is the cost of capital that GQ may charge?

(Doc. No. 60 at 6–7); Fed. R. Civ. P. 53(a)(1)(A), (b)(2)(A).

      Pursuant to the parties' Special Master Agreement, the special master's authority and the "procedures and standards for reviewing the master's orders, findings, and recommendations" shall be as follows:

> 4.    Special Master's authority. The Special Master shall have all authority granted under FRCP Rule 53(c). The Special Master's determination shall be made in accordance with applicable law, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. The parties stipulate in accordance with FRCP Rule 53(f)(3)(B) that the Special Master's determination will be final, and not subject to review by the District Court. However, the Special Master's determination shall be subject to post-trial motions, as set forth in the Federal Rules of Civil Procedure, including Rules 52, 59 and 60, to be determined by the Special Master. The Special Master's determination will be in the form of an interlocutory judgment, and not immediately appealable absent further order of the District Court. The Special Master's determination shall be incorporated in the final judgment to be entered by the Court on the remaining claims, and will be subject to appeal from such final judgment.

(Doc. No. 60 at 7); Fed. R. Civ. P. 53(b)(2)(A), (D); *see* Fed. R. Civ. P. 53(c), (f)(3(B).

      The "nature of the materials to be preserved and filed as the record of the master's activities" and the time limits and procedures and standards related to such activities under the parties' Special Master Agreement are as follows:

> 5.    The Special Master shall be directed to commence the hearing/trial on a date agreeable to the parties and the Special Master, but no later than [**October] 30, 2022** (unless otherwise agreed by the parties), and to submit a written decision in accordance with FRCP Rule 53 within 30 days of completion of the hearing/trial. Unless otherwise agreed by the parties and the Special Master, all proceedings before the Special Master shall be recorded by a certified court reporter. All pleadings submitted to the Special Master shall be filed with the District Court. All pretrial dates shall be established by the agreement of the parties and the Special Master, but if the parties cannot agree, then the Special

> Master may unilaterally determine pretrial proceedings and dates. The trial/hearing shall be conducted in person in Orange County, California (or such other location as the parties may agree), but all parties shall have the option of having any witness testify by remote computer connection.

(Doc. No. 60 at 7); Fed. R. Civ. P. 53(b)(2)(C), (D).

The special master's compensation under Rule 53(g) shall be borne equally between plaintiffs, on the one hand, and defendant Golden Queen Mining, Company, LLC according to the terms of the parties' Special Master Agreement. (Doc. No. 60 at 7–8); Fed. R. Civ. P. 53(b)(2)(E).

The special master shall proceed with the duties listed above and pursuant to the parties' joint stipulation and Special Master Agreement with all reasonable diligence. Fed. R. Civ. P. 53(b)(2). The special master may not communicate *ex parte* with the court or a party. Fed. R. Civ. P. 53(b)(2)(B).

However, a court may only issue an order appointing the special master "only after: (A) the master files an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. §455; and (B) if a ground is disclosed, the parties, with the court's approval, waive the disqualification." Fed. R. Civ. P. 53(b)(3). Here, the parties have agreed to the following terms as to the process of appointing a special master:

> 1. Appointment of Special Master: The parties will agree upon the identity of a person to serve as Special Master, in accordance with the procedure set forth in this paragraph. Once the parties have agreed on a specific person, and that person has made disclosures as required by FRCP Rule 53(b)(3)(A), such person will be appointed Special Master. The process for selecting a neutral to serve as Special Master is as follows: The parties have requested lists of 10 professional neutrals from each of JAMS and AAA meeting specific requirements (i.e. retired judge, etc.). Once the lists are presented, the parties will work in good faith to jointly agree upon a specific neutral. If the parties agree on a neutral, such person shall be appointed Special Master. If the parties are not able to agree on a specific neutral, the parties agree to use "strike and rank" using the lists provided in accordance with the custom and practice of the providers, and the neutral chosen by "strike and rank" will be appointed Special Master.

(Doc. No. 60 at 5–6.)

/////

Upon the fulfillment of the disclosure requirements of Rule 53(b)(3)(A), the court will issue an order appointing the parties' agreed-upon neutral as the special master in this matter according to the terms above.

Accordingly,

1. The parties' joint stipulation (Doc. No. 60) to refer this matter to a special master is conditionally granted pursuant to the terms above and to the terms of the parties' Special Master Agreement;

2. The parties are directed to engage in the process pursuant to the Special Master Agreement to identify a third-party neutral to serve as the special master;

3. The parties are directed to require the identified third-party neutral to file an affidavit disclosing any grounds for disqualification under 28 U.S.C. § 455 within thirty (30) days of the date of this order. *See* Fed. R. Civ. P. 53(b)(3);

4. This action continues to be stayed in its entirety pending completion of the proceedings before the special master; and

5. The court hereby retains jurisdiction to confirm the special master decision, hear any and all remaining legal and/or factual questions not decided by the special master, and to enter a full and final judgment thereon. *See* Fed. R. Civ. P. 53(f).

IT IS SO ORDERED.

Dated: **April 26, 2022**

UNITED STATES DISTRICT JUDGE